JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DE LA TORRE, | Case No. CV 15-4526 FMO (GJSx) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION** |
| PROGRESS RAIL SERVICES CORPORATION, et al., | |
| Defendants. | |

Having reviewed and considered all the briefing filed with respect to plaintiff's Motion to Remand ("Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## BACKGROUND

On April 14, 2015, plaintiff Anthony De La Torre ("plaintiff" or "De La Torre") filed a Complaint in Los Angeles County Superior Court ("state court") against Progress Rail Services Corporation, United Industries Corporation, United Industries Corporation, d.b.a., United Railcar Repair Industries, Caterpillar, Inc. (collectively, "Corporate Defendants"), Ponciano Gallardo ("Gallardo" and together with Corporate Defendants "defendants"), and Mike Perkins ("Perkins"), (see Complaint at ¶¶ 3-8 ), alleging that defendants harassed, retaliated, and wrongfully terminated him due to his complaints about unsafe work trucks, (see id. at ¶¶ 15-19), his refusal

to perform "unnecessary and fraudulent repairs," (id. at ¶¶ 20-21), and his complaints and grand jury testimony regarding the Corporate Defendants' "illegal disposal of used railroad parts into the Pacific Ocean and other locations[.]"  (See id. at ¶¶ 22-23 & 25-27).  Plaintiff alleges that defendants used his act of videotaping himself driving a work truck as a pretext for terminating him for violating a rule relating to the use of electronic devices while at work.  (See id. at ¶¶ 24 & 28-31).  Based on these allegations, the Complaint asserts against all defendants state-law claims for: (1) retaliation in violation of California Labor Code §§ 1102.5[1] & 1106; (2) wrongful termination in violation of public policy; and (3) retaliation in violation of California Labor Code § 6310[2]. (See id. at ¶¶ 35-61).  The Complaint also asserts that "Plaintiff intends to bring this action on behalf of himself and others similarly situated under the Private Attorney General Act, ["PAGA"] California Labor Code § 2698 . . . based on Defendants' violations of California Labor Code § 1102.5." (Id. at ¶ 34).  According to the Complaint, in late March 2014, plaintiff served the required PAGA notice, and if the Labor and Workforce Development Agency "notifies Plaintiff that it will not investigate [his] allegations or upon the expiration of the thirty-three days since service of such notice, Plaintiff will amend his Complaint to allege remedies" under the PAGA. (Id.).

On June 15, 2015, defendants removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Petition and Notice of Removal of Civil Action to United States District Court ("NOR") at ¶ 4).  Shortly thereafter, on June 18, 2015, the parties stipulated to the dismissal of Caterpillar, Inc. as to all claims, and dismissal of Gallardo and Perkins as to the wrongful termination in violation of public policy and retaliation in violation of § 6310 claims. (See Joint Stipulation to Voluntarily Dismiss Defendant Caterpillar, Inc., Without Prejudice, as to All Causes of Action and to Dismiss, with Prejudice, Defendants Ponciano Gallardo and Mike Perkins

---

[1] Further references to "§ 1102.5" are to the California Labor Code.

[2] Further references to "§ 6301" are to the California Labor Code.

from the Second and Third Causes of Action Only ("Joint Stip."); see also Court's Order of June 23, 2015, at 2).[3]

Plaintiff filed the instant Motion on July 2, 2015. On July 9, 2015, defendants filed their Opposition to Plaintiff's Motion to Remand ("Opp'n"), and on July 16, 2015, plaintiff filed his Reply to Defendant's Opposition to Remand ("Reply").

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of federal jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("[s]ubject matter jurisdiction may not

---

[3] The first (and only remaining) cause of action was later dismissed as to Perkins. (See Court's Order of July 15, 2015).

be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties.[4] See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff is a citizen of California. (See Complaint at ¶ 2; Motion at 5). None of the Corporate Defendants is a citizen of California. (See NOR at ¶¶ 16-19). Gallardo is a citizen of California.[5] (See Complaint at ¶ 7; NOR at ¶ 20). Defendants assert, however, that Gallardo, a supervisor, is a sham defendant, and therefore, his citizenship should be disregarded for purposes of diversity jurisdiction. (See NOR at ¶ 20; Opp'n at 1-2; see also Complaint at ¶ 7).

"It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.), cert. denied 525 U.S. 963 (1998). "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotations omitted). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to

---

[4] Because the court does not rely on extraneous facts included in plaintiff's Motion, the court denies as moot defendants' evidentiary objections. (See Defendants' Evidentiary Objections in Opposition to Plaintiff's Motion to Remand).

[5] Perkins was never served with the Complaint, and according to defendants, is a resident of Alabama. (See Opp'n at 1 n. 1). Regardless of his citizenship, however, he is no longer a party to this matter, as all causes of action against him have been dismissed. (See n. 3, supra).

1  evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling
2  the real defendant to a removal." Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir.
3  1944); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when
4  a plaintiff's failure to state a cause of action against the resident defendant is obvious according
5  to the applicable state law."). The defendant must show by "clear and convincing evidence" that
6  the plaintiff does not have a colorable claim against the alleged sham defendant. See Hamilton
7  Materials Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder
8  must be proven by clear and convincing evidence.").

Plaintiff contends Gallardo is not a sham defendant because he is subject to individual liability for violations of § 1102.5. (See Motion at 9-15). Section 1102.5 provides in relevant part:

> (a) An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.
>
> (b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable

5

      cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

      (c) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

Cal. Lab. Code § 1102.5(a)-(c). Section 1102.5 "is a whistleblower statute, the purpose of which is to encourag[e] workplace whistle-blowers to report unlawful acts without fearing retaliation." Soukup v. Law Offices of Herbert Hafif, 39 Cal.4th 260, 287 (2006) (internal quotation marks omitted; alteration in original).

      As plaintiff observes, § 1102.5 was amended in 2013, and the language "any person acting on behalf of the employer" was added in that amendment. (See Motion at 12). Defendants, however, contend that nothing in the statute or the legislative history indicates that § 1102.5 imposes individual liability on a supervisor such as Gallardo. (See Opp'n at 4-6 & 8-10). They also point out that two district court cases have concluded that there is no individual liability under § 1102.5, (see id. at 5-7), and contend that "prior interpretations of the California Labor Code as well as other statutes related to alleged adverse employment actions" support that determination. (Id. at 7).

      The court declines to conclude at this juncture that there can be no individual liability for violations of § 1102.5. As defendants must acknowledge, no California state court has spoken on this precise issue. (See, generally, Opp'n at 4-9 (relying only on state-court decisions addressing other provisions of the California Labor Code and similar statutes). As such, the court will not "divine how the California courts would handle the question of individual liability [under § 1102.5] even if the great weight of the case law considering other labor and discrimination provisions preserves liability for the employer." See Thompson v. Genon Energy Services, LLC, 2013 WL 968224, *4 (N.D. Cal. 2013) (declining to rule that § 6310 does not impose individual

liability and remanding case to state court); see also Fernandez v. Big Lots Stores, Inc., 2014 WL 3418112, *3-4 (C.D. Cal. 2014) (applying Thompson's reasoning to individual liability under California Labor Code § 98.6 and remanding case). "While the policy arguments in the California cases may be powerful, relevant – even persuasive – it clearly would be inappropriate for this court in the context of a motion for remand to examine California public policy and determine whether California courts would be willing to apply these arguments in ways in which they have not yet done so." Thompson, 2013 WL 968224, at *5 (internal quotation marks omitted).

Moreover, the court finds the statute ambiguous on the issue of individual liability. Although the provision regarding civil penalties, see Cal. Lab. Code § 1102.5(f), and the burden of proof in any "[i]n a civil action or administrative proceeding brought pursuant to Section 1102.5[,]" see id. at § 1102.6, refer only to an employer, the recently added language in § 1102.5(a)-(c) referring to "any person acting on behalf of the employer" creates ambiguity as to its scope. Adding to the ambiguity is § 1103, which provides that "[a]n employer or any other person or entity that violates this chapter is guilty of a misdemeanor[,]" id. at § 1103, as well as § 1104, which provides that "[i]n all prosecutions under this chapter, the employer is responsible for the acts of his managers, officers, agents, and employees." Id. at § 1104. However, the court need to not resolve this issue – that is, decide whether there is individual liability for violations of § 1102.5 – given that all material ambiguities in state law are construed in plaintiff's favor when assessing a sham defendant claim in connection with removal. See Martinez v. Michaels Stores, Inc., 2015 WL 4337059, *5 (C.D. Cal. 2015) ("Because all doubts must be resolved against removal, a court determining whether joinder is fraudulent must resolve all material ambiguities in state law in plaintiff's favor.") (internal quotation marks omitted). As such, defendants cannot show that it is "obvious according to the well-settled [law of California]" that plaintiff cannot state a claim against Gallardo.[6] See United Computer Sys., Inc., 298 F.3d at 761; Allen, 784 F.3d at 634 ("[J]oinder is

---

[6] The cases on which defendants rely, Conner v. Aviation Services of Chevron U.S.A., 2014 WL 5768727 (N.D. Cal. 2014) and Vera v. Con-Way Freight, Inc., 2015 WL 1546178 (C.D. Cal. 2015), do not compel a different outcome. The discussion in Conner, in which the court was deciding a motion to dismiss, spans only two sentences, see Conner, 2014 WL 5768727, at *5, and the court in Vera, which was deciding a motion to remand, relied almost exclusively on

fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law.").

Defendants additionally contend that the § 1102.5 claim against Gallardo should be disregarded because plaintiff has failed to state a claim for relief since Gallardo is only specifically identified once in the Complaint. (See Opp'n at 11). This is an insufficient basis upon which to disregard the § 1102.5 claim asserted against Gallardo. See Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) (Defendant "seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant."); Munoz v. Laboratory Corp. of Am., 2015 WL 4507104, *1 (C.D. Cal. 2015) ("Even where presently deficiently pled, where Plaintiffs may amend [the] claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against her.") (emphasis in original). Given the above discussion, it cannot be said that the state court would find the claim inadequately pled or that plaintiff would be unable to amend the Complaint to the court's satisfaction. See Hunter v. Phillip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."); Allen, 784 F.3d at 634 (same).

Finally, the court notes that plaintiff's Complaint also asserts a claim against Gallardo pursuant to § 6310. (See Complaint at ¶¶ 54-61). While the parties stipulated to dismissal of that claim, (see Joint Stip.), such stipulation occurred after the action was removed to federal court. Perhaps because of this, the parties ignored this claim in their briefing.[7] (See, generally, Motion, Opp'n, Reply). The § 6310 claim, however, cannot be ignored when determining whether the court has subject matter jurisdiction since diversity jurisdiction is determined as of the time the

---

Conner, and prior interpretations of other similar statutes. See Vera, 2015 WL 1546178, at *1. But, as discussed above, given that no California court has addressed this issue and that the language added in the 2013 amendment renders the statute ambiguous, the court cannot say at this juncture that it does not impose individual liability.

[7] In the NOR, defendants asserted the Gallardo was a sham defendant without reference to the specific claims and statutes at issue in the Complaint. (See NOR at 6-7).

state court complaint is filed and when the action is removed. See Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) ("[Diversity] is determined (and must exist) as of the time the complaint is filed and removal is effected[.]"). Pursuant to the court's duty to examine sua sponte whether it has jurisdiction over an action, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999); Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006), the court further finds that it lacks diversity jurisdiction over this action given the § 6310 claim. See Kelton Arms Condo. Owners Ass'n, 346 F.3d at 1192 ("Subject matter jurisdiction may not be waived[.]"). As with the § 1102.5 claim, it is not obvious under settled California law that individual liability does not exist under § 6310. See Thompson, 2013 WL 968224, at *5 (remanding case after concluding that it was not "obvious under the settled law of California that an action cannot proceed against individual supervisors under Labor Code § 6310"); see also Padilla, 697 F.Supp.2d at 1159 ("A defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant[.]")[8].

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden of showing that Gallardo was fraudulently joined. Because Gallardo is a citizen of California and there is no basis for diversity jurisdiction, the court lacks subject matter jurisdiction over this matter.[9]

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

---

[8] The district court case upon which defendants heavily rely in support of their position, Conner, also determined that it was not obvious that there was no individual liability under § 6310. See Conner, 2014 WL 5768727, at *5 (finding that it was "not obvious 'under the settled law of California that an action cannot proceed against individual supervisors under Labor Code § 6310'") (quoting Thompson, 2013 WL 968224, at *5).

[9] Given this conclusion, the court does not address the parties' contentions regarding the PAGA claim. (See Motion at 14-15; Opp'n at 10-11).

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Remand **(Document No. 21)** is **granted**.

2. Any pending motion is denied as moot.

3. The above-captioned action shall be **remanded** to the Los Angeles County Superior Court, 275 Magnolia Avenue, Long Beach, California 90802.

4. The Clerk shall send a certified copy of this Order to the state court.

Dated this 31st day of July, 2015.

/s/
Fernando M. Olguin
United States District Judge